# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION
# CASE NO.: 8:23-CV-2659

ICE RAK, LLC, *a Florida Limited Liability Company*,

    *Plaintiff*,

v.

RITA'S FRANCHISE COMPANY, LLC, *a Delaware Limited Liability Company*,

    *Defendant*.

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, ICE RAK, LLC, by and through the undersigned counsel, hereby files this Complaint against Defendant, RITA'S FRANCHISE COMPANY, LLC, and requests this Court issue a Declaratory Judgment and, in support thereof, alleges as follows:

## JURISDICTION AND VENUE

1.    This court has jurisdiction of this action under 28 U.S.C. § 1332 by virtue of the diversity of citizenship of the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2.    Jurisdiction is proper in this venue under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred within this judicial district, specifically Polk County, and under the color and pretense of the statues, ordinances, regulations, customs, and uses.

**3.**    This court is authorized to grant declaratory judgments under the Declaratory Judgment Act 28 U.S.C. §2201-02, implemented through Rule 57 of the Federal Rules of Civil Procedure.

## PARTIES

4. Plaintiff, ICE RAK, LLC ("ICE RAK" or "Plaintiff"), is, and at all times material was, a limited liability company organized and existing under the laws of the State of Florida, with its principal place of business located at 3115 US Hwy 98 North, Lakeland, Florida 33805.

5. Defendant, RITA'S FRANCHISE COMPANY, LLC ("RITA'S" or "Defendant"), is now, and at all times material was, a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business located at 1210 Northbrook Drive, Suite 310, Trevose, Pennsylvania 19053.

6. All conditions precedent to bringing this action have been satisfied, are futile, or have been waived.

## GENERAL ALLEGATIONS

7. On or about August 4, 2020, Plaintiff filed its Articles of Organization. A true and correct copy of ICE RAK's Articles of Organization is attached as Exhibit "A."

8. On or about May 6, 2021, ICE RAK, LLC executed a Lease Agreement for a commercial retail property located at Market Square, US-98N, Lakeland, Florida (the "Leased Property") for a duration of five (5) years with MSF MARKET, LLC (the "Landlord"). A true and correct copy of the Lease Agreement is attached as Exhibit "B."[1]

9. Pursuant to the Lease Agreement, Ice RAK would use the Leased Property for the:

> following purpose only: Rita's Ice • Custard • Happiness® store selling Italian ice, soft-serve and hand-crafted custard, yogurt, sorbet, and frozen treats with the incidental sales of coffee, fresh baked cookies and waffles as well as any other incidental and ancillary related items as may normally be sold at Rita's Ice • Custard • Happiness® stores in the State of Florida which do not conflict with any other exclusive use granted to another tenant in the Shopping Center. ("Permitted Use")

---

[1] Exhibit "B" contains two guarantors; whose social security numbers were redacted on pages 31 and 32.

10. The May 6, 2021, Lease Agreement included a Lease Rider, which was reviewed and signed by Gerald C. Wells as general counsel on behalf of RITA'S as follows:

> RITA'S FRANCHISE COMPANY, LLC ("Franchisor")
> By: [signature]
> Name: Gerald C. Wells
> Title: General Counsel & CCO

11. The Lease Rider identifies RITA's as a "Franchisor", ICE RAK as a "Franchisee"; expressly states that "Franchisee has also entered (or will enter prior to Lease execution) into a Franchise Agreement"; and gave Defendant certain rights pursuant to said Franchise Agreement.

12. The Franchise Agreement was a material component, and condition, of the Lease Rider. *See* Exhibit "B" page 34 stating:

> WHEREAS, Franchisee has also entered (or will enter prior to Lease execution) into a Franchise Agreement (the "Franchise Agreement") with Franchisor for the development and operation of a Rita's Italian Ice at the Premises and as a condition to obtaining Franchisor's approval of the Lease, the Lease for the Premises must contain the provisions contained in this Rider.

13. However, ICE RAK, LLC never executed a Franchise Agreement, so the Lease Rider contains a misrepresentation of material fact.

14. Before opening the store in or around December 2021, ICE RAK either obtained express permission (by way of the aforementioned Lease Rider), or alternatively oral permission, or as a second alternative an implied license, to use RITA's intellectual property in its operations of the Leased Property.

15. In or around December 2021, ICE RAK opened and operated a Rita branded store in Lakeland, Florida (the "Lakeland Shop").

16. On or about October 29, 2023, ICE RAK ceased operations of the Leased Property for its Permitted Use (*supra*, paragraph 9).

17. Plaintiff would like to continue operating the Leased Property as permitted under the Lease Agreement, but is uncertain what rights, if any, RITA's has to the leased premises and or pursuant to the Lease Rider.

18. Upon information and belief, Defendant is now seeking to enforce either invalid, or non-existent rights, under the Lease Rider and is actively interfering with Plaintiff's Lease Agreement and its rights therein.

19. Thus, Plaintiff seeks declaratory judgment from this Court to determine the validity of the Lease Rider, and whether Defendant has any rights, duties, and legal relations to Plaintiff, ICE RAK, LLC, and the Lease Agreement and Lease Rider.

20. Plaintiff has been forced to hire the undersigned counsel and has agreed to pay reasonable attorneys' fees.

21. Plaintiff respectfully requests an award of reasonable attorney's fees and costs incurred in pursuing this action as permitted by law.

# COUNT I
# <u>DECLARATORY JUDGMENT</u>

22. Plaintiff reasserts and realleges paragraphs 1 through 21 as if fully set forth herein.

23. The purpose of a declaratory judgment action is to have courts render declaratory judgments which may guide parties in their future conduct in relation to each other, thereby relieving them from the risk of taking undirected action incident to their rights, which action, without direction, would jeopardize their interests.

24. At present, an actual antagonistic controversy exists between the parties regarding the Defendant's rights under the Lease Agreement.

25. Contrary to the representations of the Lease Rider, Plaintiff ICE RAK, LLC is neither a Franchisee, nor beholden to the duties and responsibilities of a Franchise Agreement, so Plaintiff is uncertain as to what its legal relationship, and legal rights are, with respect to RITA's.

26. Specifically, Plaintiff seeks a declaration regarding the following:

   a) The (in)validity of the Lease Rider containing the misrepresentation of material fact, concerning the Franchise Agreement.

   b) Plaintiff's contractual obligations, if any, under any oral or written agreement with RITA'S.

   c) RITA's obligations to Plaintiff per the Lease Agreement signed May 6, 2021, or any oral or written agreement with Plaintiff.

   d) Plaintiff's right to operate the Leased Property for its "Permitted Use" and Defendant's right, if any, to interfere with Plaintiff's use of said Leased Property.

   e) Any other issues arising from the Lease Agreement and Lease Rider that require clarification to resolve the current dispute.

Trembly Law Firm – 9700 S. Dixie Highway, Penthouse 1100 – Miami, Florida 33156
Ph. (305) 431-5678 - www.tremblylaw.com

27. Plaintiff has a legitimate interest in obtaining a declaration of its rights and obligations under the Lease Agreement to prevent further harm and uncertainty.

WHEREFORE, ICE RAK respectfully requests a declaratory judgment from the Court, invalidating the Lease Rider due to the misrepresentation, determining that ICE RAK has no obligations to Defendant pursuant to any oral or written franchise agreements, that Plaintiff is free to use the Leased Property for its "Permitted Use" and Defendant cannot interfere with said use and has no rights to or in the Leased Property and providing such other and further relief as the Court deems just, equitable, and proper.

Dated: November 20, 2023.

    Respectfully submitted,

**TREMBLY LAW FIRM**
*Counsel for Plaintiff, ICE RAK, LLC*
9700 S. Dixie Highway, Penthouse 1100
Miami, Florida 33156
Telephone: (305) 431-5678
E-Mail: alejandramm@tremblylaw.com
E-Mail: service2@tremblylaw.com

By: /s/ Alejandra Muñiz Marcial
**Alejandra Muñiz Marcial, Esq**.
Florida Bar No. 1019266